UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA MCKINNON and KRISTEN TOOL, individually and on behalf of all others similarly situated

    Plaintiffs,

v.                                               Case No: 2:14-mc-24-FtM-38DNF

DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., DOLLAR RENT A CAR, INC., DTG OPERATIONS, INC. and DOES 1-10,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Non-Parties, The Hertz Corporation, and Hertz Global Holdings, Inc.'s Verified Objections to Magistrate Judge's Order (Doc. #23) filed on November 20, 2014. Hertz also filed a Notice of Supplemental Authority (Doc. #25) on December 23, 2014. Plaintiffs filed a Response to Hertz's Verified Objections to Magistrate Judges' Order (Doc. # 24) on December 4, 2014. This Objection is fully briefed and ripe for the Court to review.

Hertz objects to the Magistrate Judge's Order denying Hertz's Motion to Quash and Motion for Protective Order pursuant to Fed. R. Civ. P. 72(a). This Court has authority

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

to review magistrate findings pursuant to 28 U.S.C. § 636(b)(1)(C), which states, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A § 636(b)(1)(C) (2014 West).

On September 11, 2014, the subpoenas at issue were served upon Hertz, listing September 24, 2014 at 9:00 AM as the date of compliance to produce the materials and to appear for a deposition. The subpoenas called for Hertz to produce documents and materials on, and deposition testimony from a witness with knowledge of:

(a) The percentage of Hertz's customers in California, Oklahoma, Colorado, Florida, and nationwide that accept loss damage waiver (LDW), optional insurance products, or road side assistance from Hertz compared to the total number of customers who rent vehicles from Hertz in each specified geographical area, including the names of all individuals with knowledge thereof;

(b) The percentage of Hertz's revenues generated from the purchase by Hertz's customers of LDW, optional insurance products, or roadside assistance in the states of California, Oklahoma, Colorado, Florida and nationwide, including the names of all individuals with knowledge thereof;

(c) The compensation structure of Hertz's sales agents, field managers, or other employees relating to the sales of LDW, optional insurance products, or

    roadside assistance, including the names of all individuals with knowledge thereof;

(d) The number of complaints Hertz has received from customers annually relating to the sales of LDW, optional insurance products, or roadside assistance, including the names of all individuals with knowledge thereof; and

(e) Hertz's efforts to comply with state disclosure laws relating to rental cars, including the laws of California, Oklahoma, Colorado, and Florida, including the names of all individuals with knowledge thereof.

Plaintiffs claim they sought this information so as to show the impact of differing methods of sales between Hertz and Dollar Thrifty Automotive. Hertz objected to the third-party subpoenas claiming they were overly broad, sought information not relevant to the Plaintiffs' California or Colorado actions, and unduly burdensome under Fed. R. Civ. P. 45(d).

Hertz filed a Motion to Quash (Doc. #1) on the morning of September 24, 2014. The Motion was electronically filed 9:55 AM; however, according to the Clerk's stamp on the Motion, it was filed at 8:53 AM. On September 25, 2014, the Magistrate Judge denied the Motion to Quash (Doc. #4) believing it was filed at 9:55 AM, and, therefore, untimely according to Fed. R. Civ. P. 45. Rule 45(d)(2)(B) of Fed. R. Civ. P. states, "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designed in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14

days after the subpoena is served." In this instance, the earlier of fourteen days or the date of compliance (thirteen days) would have been the date of compliance, since the subpoena was served on September 11, 2014, listing the date of compliance as September 24, 2014, at 9:00 AM. Thus, Hertz had until September 24, 2014, at 9:00 AM to serve the Motion. Because Hertz did, in fact, file the Motion at 8:53 AM (albeit slightly) prior to 9:00 AM, it complied with Fed. R. Civ. P. 45(d)(2)(B), and the Motion was timely.

Judge Fraiser stated in his Order Denying Hertz's Verified Motion for Reconsideration, that although Hertz's Motion to Quash was filed seven minutes prior to the 9:00 AM deadline, it was nonetheless untimely as it did not allow the Court sufficient time "to perform a meaningful review of the motion and enter an order" prior to the 9:00 AM deadline. Doc. #22, p.3. This, however, is not incorrect because according to Fed. R. Civ. P. 45(d)(2)(B)(i)–(ii), if an objection is served, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection . . . [but,] these acts may be required only as directed in the order . . . ." In other words, "[o]nce objections have been filed, the responding party need only produce documents if ordered by a court on motion." In re McKesson Gov't Entities Average Wholesale Price Litig., 264 F.R.D. 595, 600 (N.D. Cal. 2009). Since Hertz's attorney communicated its objection to the subpoena to Plaintiffs' attorney via email on September 22, 2014, it was understood between the parties that no deposition was going to go forward on September 24, 2014 at 9:00 AM, and, thus, the filing at 8:53 AM on September 24, 2014 "made no unusual or time-sensitive imposition on the Court." Doc. #6, p.9. Therefore, this Court finds there is good cause to grant Hertz's Objection, and will now consider Hertz's Motion to Quash on the merits.

Under Fed. R. Civ. P. 45(d), parties wishing to avoid compliance with a subpoena may file a motion to quash. A court is required to quash or modify a subpoena when it fails to provide reasonable time to comply, requires disclosure of privileged information, requires compliance beyond the geographical limits specified, or "subjects a person to undue burden," which is what Hertz claims here. Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). In determining whether a subpoena is unduly burdensome, courts should consider the "relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information." Cytodyne Technologies v. Biogenic Technologies, 216 F.R.D. 533, 535 (M.D. Fla. 2003) (citation omitted).

The Court notes that two other district courts have recently granted motions to quash virtually identical subpoenas served by the same Plaintiffs as in this case. See Enterprise Holdings, Inc. v. McKinnon, No. 4:14-mc-516, 2014 U.S. Dist. LEXIS 150454 (E.D. Mo. Oct. 23, 2014); Friedman v. Dollar Thrifty Automative [sic] Group, Inc., No. 14-6171 (D.N.J. Dec. 18, 2014). In Enterprise Holdings, the District Court for the Eastern District of Missouri quashed a subpoena served by the same Plaintiffs as in this case, on Enterprise Holdings, Inc., a non-party car rental company, holding that "information requested [was] incredibly extensive," "sensitive proprietary business information," and "would only be tangential to the issues in the underlying lawsuit challenging Dollar's conduct." Enterprise Holdings, 2014 U.S. Dist. LEXIS 150454, at *4 (alteration in original). In Dollar Thrifty Automative [sic] Group, the District Court for the District of New Jersey found the reasoning in Enterprise Holdings persuasive and quashed the subpoena

served by the same Plaintiffs as in this case, on Avis, also a non-party rental car company. Dollar Thrifty Automative [sic] Group, No. 14-6171, at 4.

This case is indistinguishable from both Dollar Thrifty Automative [sic] Group, and Enterprise Holdings.  For that reason, the Court finds that the subpoena served upon Hertz is likewise overbroad, "tangential" to the underlying lawsuit, potentially harmful to Hertz, and, thus, unduly burdensome under Fed. R. Civ. P. 45(d).

Accordingly, it is now

**ORDERED:**

(1) Non-Parties, The Hertz Corporation, and Hertz Global Holdings, Inc.'s Verified Objections to Magistrate Judge's Order (Doc. #23) is **GRANTED**.

(2) Non-Party, The Hertz Corporation and Hertz Global Holdings, Inc.'s Motion to Quash and Motion for Protective Order to Plaintiffs' Rule 45 Subpoenas (Doc. #1) is **GRANTED**.

(3) The Clerk of the Court is **DIRECTED** to terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record